KHALIF SEARS #21154-509
Phila. F.D.C.
P.O. Box 562
Phila PA. 19105

To: The Honorable Judge Sanchez
ATTN: CLERK OF COURT
U.S. COURTHOUSE
601 MARKET St.
Phila. PA. 19106



PHILADELPHIA PA 190
PHILADELPHIA PA 190
20 MAR 2026 PM 5 L
20 MAR 2026 PM 5 L

**RECEIVED**

MAR 23 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

"LEGAL MAIL"

19106-174799

UNITED STATES OF AMERICA

v.

Khalif SEARS

CRIM. NO. 2:20-CR-00417-003

## MOTION TO WITHDRAW GUILTY PLEA
## UNDER FED. R. CRIM. P. 11(d)(2)(B)

And Now Come's defendant Sears, who humbly requests this Honorable Court to withdraw the plea in the instant case in light of the Supreme Courts recent ruling in BARRETT V. UNITED STATES, 607 U.S. ___ 2026. "A defendant may withdraw a plea of guilty or nolo contendere before the Court accepts a sentence if... the defendant can show a fair and just reason for requesting the withdrawal."

A plea must be knowing and voluntary and defendant Sears plea was anything but that. A plea must be made with full knowledge of it's consequences. If a defendant pleads guilty, especially by strong-arm coercion, to both 924(c) and 924(J) not aware that dual convictions for the same act was/is Constitutionally prohibited, then the plea cannot be considered to be fully informed or voluntary. The Supreme Court has made clear that a guilty plea is only valid when the defendant understands the Constitutional rights they are waiving. (It should be noted that many of the "other" issue's defendant is arguing are also about Constitutional rights which were waived or which he was deprived of in direct regard to the instant plea agreement).

A significant change in law after a plea is entered can constitute a "fair and just reason" for withdrawal. BARRETT is a unanimous Supreme Court decision that changed what the law allows. In the instant case, Defendant Sears was "strong-armed" into entering a plea of guilt, this plea entailed both counts, 924(c) and 924(J). This new legal (~~language~~) landscape directly undermines the basis of such pleas. When this Constitutional is added (in the mix) to the extensive list of other issue's involved in the over-all case, which many directly effect the plea agreement, the cumulative effect is staggeringly in favor of "A fair and just reason(s)" for the Court to allow the withdrawal of this defective plea. Where changes to which a defendant plead guilty are themselves Constitutionally defective because of the charging of two crimes for one act in violation of Double Jeopardy Courts have recognized this as compelling grounds for withdrawal.

Court also consider whether withdrawal was sought promptly and whether the government will suffer actual prejudice. For a matter such as this, which was brought to the Courts attention Pre-sentencing the prejudice to the government is generally minimal because no sentence has been imposed. It must be noted that defendant Sears contacted his current attorney, Ms. Snyder, long before the BARRETT case was decided. Approximately November 10, 2025, two months prior to BARRETTS ruling defendant E-mailed Ms. Snyder and told her to pay close attention to that case, thereby putting her on notice of it's importance and one more viable reason to withdraw the plea. On Jan. 14, 2026 the BARRETT case was decided. The defendant became aware of the ruling on or about Jan. 30, 2026. On Jan. 30, 2026 the defendant E-mailed Ms. Snyder and "explained the ruling to her" and asked her to file a motion to withdraw the plea in accordance with the Supreme Courts ruling. Her legal advice was: "Just be quit and use it to

come back on appeal." Counsels legal advice was anything but "sound" and the defendant should not be penalized for Counsels short-comings. The defendant has repeatedly tried to get Ms. Snyder to file a motion under Fed. R. Crim. P. 11 (d)(2)(B) and withdraw the plea.

Ms. Snyder was notified and should have acted on defendant's advice and wishes. However, what she advised was harmful and that advice fell below the standards that are required under STRICKLAND, also, her inaction fell below STRICKLANDS standards. Also, PRE-SENTENCE withdrawal of a guilty plea is governed by a more favorable legal standard than Post-sentencing withdrawal. She has failed to advise the defendant properly regarding the BARRETT decision, she has failed to investigate BARRETT'S applicability and she flat out refuses to file a motion to withdraw defendants plea. Her performance is below any objective standard of reasonableness and her deficiency has, and continues to, prejudice defendant Sears. Any competent lawyer would know that "FAIR AND JUST REASON(S)" is a much easier standard to meet than the "MANIFEST injustice" standard that will apply after her client is sentenced. Post-sentencing withdrawal requires proof of "MANIFEST injustice" under Rule 11(e), a much, much harder standard. Once sentence is imposed, the only available remedy is collateral attack via 28 U.S.C. 2255, which itself has strict procedural requirements.

The relationship between attorney-client in the instant case is destroyed beyond hope of repair. The defendant has done all he can to try to get Ms. Snyder to file this motion. Defendant humbly request the Honorable Court to Order the plea agreement, which is constitutionally defective in light of BARRETT (and which defendant argues was also constitutionally defective PRE-BARRETT), to withdraw said plea, appoint the defendant a new attorney and allow the defendant to restructure said plea. However, IF this Honorable Court deems that defendant Sears' is not able to apply the Supreme Courts decision in BARRETT to his plea agreement and Your Honor fails to withdraw said plea agreement than defendant Sears respectfully requests this Honorable Court to Grant a FARETTA hearing so that he may proceed Pro-se. Thank you for your time and Consideration with this motion.

Respectfully

MARCH 18, 2026

CRIM NO. 2: 20-CR-00417-003

To: Clerk of Court;

Sir/Ma'am, can you please make sure this motion "TO WITHDRAW GUILT PLEA UNDER FED. R. CRIM. P. 11 (d)(2)(B)" is added to my docket. It's very important. Thank you for your time and help with this.

Respectfully,

_____

KHALIF SEARS