**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 20-417** |
| **KHALIF SEARS** | : | |
| a/k/a "Leaf," | | |
| a/k/a "Lil Leaf" | : | |

**ORDER**

AND NOW, this      day of                    , 2026, upon consideration of the

defendant's pro se motion to withdraw his guilty plea, and the government's response,

this Court concludes that because the defendant is represented by counsel, this Court will

not entertain pro se submissions unless such motions are adopted and properly filed by

counsel. Thus, it is hereby

ORDERED

that the defendant is directed to raise all issues with, and forward all proposed pleadings

to, assigned defense counsel. The defendant's pro se motion is hereby DENIED, with

leave to renew upon resubmission by counsel.

**BY THE COURT:**


_____

**HONORABLE JUAN R. SANCHEZ**
*Judge, United States District Court*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-417 |
| KHALIF SEARS | : | |
| a/k/a "Leaf," | | |
| a/k/a "Lil Leaf" | : | |

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S PRO SE SUBMISSION

The United States of America, by its attorney, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Christopher Diviny, Ashley N. Martin, and Lauren E. Stram, Assistant United States Attorneys, hereby responds to defendant Khalif Sears's pro se submission as follows.

Defendant Khalif Sears is represented by counsel, but has filed a pro se motion to withdraw his guilty plea. This motion should be dismissed, without prejudice to resubmission by counsel if counsel deems the motion meritorious.

Under federal law, a criminal defendant has the right to appear pro se or by counsel. *See Faretta v. California*, 422 U.S. 806, 807, 832 (1975). This right is guaranteed both by the Constitution and by statute. The federal right, however, is disjunctive; a party may either represent himself or appear through an attorney. There is no right to "hybrid" representation, that is, simultaneously pro se and by counsel. *United*

*States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)).

Therefore, in *Turner*, the Court of Appeals for the Third Circuit barred the submission by an appellant of any pro se brief in a case in which the appellant is represented by counsel. The Court relied both on the general prohibition of hybrid representation, and on the Third Circuit's specific local rule (Local Appellate Rule 31.3) which bars the submission of pro se briefs. The Court explained, in reasoning directly applicable to trial court proceedings as well:

> By requiring that briefs be filed only by counsel, we ensure that counsel and client speak with one voice. When a client seeks to raise additional issues, counsel must evaluate them and present only the meritorious ones, rather than simply seeking leave for the client to file a supplemental brief. This promotes effective advocacy because it prevents counsel from allowing frivolous arguments to be made by the client.

*Turner*, 677 F.3d at 579 (citing *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983)).

Accordingly, *Turner* held, any pro se submission in the Court of Appeals will be referred to counsel, who may then determine whether or not to resubmit the defendant's arguments. The Third Circuit reminded defense counsel that, "Stated simply, counsel need not, and should not, present frivolous arguments merely because a client instructs them to do so," *Turner*, 677 F.3d at 577, but rather, "such briefs should make only those arguments counsel believe, consistent with their ethical duty, to be meritorious," *id.* at 579.

The Third Circuit's approach is well reasoned and should be followed in district court proceedings as well. Accordingly, the defendant's pro se motion should be denied, without prejudice to defense counsel's opportunity to resubmit the motion if counsel deems the position meritorious. The government requests that it be permitted not to respond to the merits of the motion at this time. Moreover, if the defendant persists in his request to move to withdraw his guilty plea and counsel refuses, the Court will need to address the continuing viability of representation by current counsel.

Respectfully Submitted,

DAVID METCALF
United States Attorney

/s *Christopher Diviny*
CHRISTOPHER DIVINY
ASHLEY N. MARTIN
LAUREN E. STRAM
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading has been served on the Filing User

identified below through the Electronic Case Filing (ECF) system:


Marni Jo Snyder, Esquire
100 South Broad Street, Suite 1910
Philadelphia, PA 19110
marni@snyderlawyer.com
*Attorney for Khalif Sears*


/s Christopher Diviny
CHRISTOPHER DIVINY
Assistant United States Attorney


Dated: March 25, 2026.